### ALEX JOHNSON v. THE STATE.

#### No. 540. Decided April 13, 1910.

**1.—Carrying Pistol—Argument of Counsel—Charge of Court—Bill of Exceptions.**

Where, upon appeal from a conviction of unlawfully carrying a pistol, it appeared from the record that the argument of State's counsel, with reference to the unreliability of the black race as witnesses, was not promptly objected to at the time it was made, and a bill of exceptions reserved, and no special charge requested to withdraw the same, and was not of sufficient importance to require a reversal, there was no error.

**2.—Same—Misconduct of Jury—Contest for New Trial.**

Where, upon appeal from a conviction of unlawfully carrying a pistol, it appeared from the record that there was not a sufficient transgression in the argument of State's counsel to influence the jury and to authorize a reversal of the judgment, and that the action of the court in hearing the motion for new trial and allowing process of witnesses was correct, there was no error.

Appeal from the County Court of Bell. Tried below before the Hon. W. S. Shipp.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of carrying on and about his person a pistol.

There is a direct conflict in the evidence which the jury settled against appellant. We would not, therefore, be authorized to disturb their finding.

1. There is a bill of exceptions reserved in the record to the speech and argument of the county attorney, in which it is recited he said: "The negro race is all alike and about the same the world over—they are untruthful and unreliable—they are, as a rule, a set of reprobates and liars, and you can rely upon it that when one gets into trouble, as this one has, and you let them sleep over night, they always get together and help each other out, and you need not be afraid of doing wrong to convict this defendant, for you can look at him and see that he is as guilty as sin," etc. Objection was urged because such argument was not warranted by the facts, and the same was untrue

and prejudicial to the defendant, and calculated to influence the jury against him. Appellant was a negro. The court qualifies the bill as follows: "The court does not remember the remarks above set out as being made by the county attorney, the court being engaged at that time in writing his charge in said cause. No exceptions were made to the court by counsel for defendant to such remarks at the time such remarks were made, if any were made, and the court has no recollection of the attorney for defendant, upon rising to address the jury, after the county attorney had closed his opening argument, that said counsel for defendant made any exception whatever to any remark or remarks of the county attorney to the jury, and if counsel for defendant did make any exception to the remarks of the county attorney to the jury, that such exception was not understood by the court and no note was made of such exception." The bill further recites that Neal and Taylor were called as witnesses by appellant to show the remarks made by the county attorney, and they each testified that the county attorney had, in his argument to the jury, said, or substantially so, that "Negroes as a race were about all alke; that they were unreliable, and that whenever they got into trouble if you would let them sleep over it and get together that you could not do anything with them." They further testified that they did not remember the exact words of the county attorney in his argument to the jury, and on cross-examination they each testified substantially that they were jurors for the week and were sitting in the courtroom, and that they could not remember that the county attorney in addressing the jury said, "That negroes were untruthful, and that you need not be afraid of doing wrong to convict this defendant, for you can look at him and see that he is as guilty as sin," etc. Mr. Felts, of counsel for defendant, made no exception to the court at the time the remarks were made by the county attorney, but on arising to address the jury he made his exception to the remarks of the county attorney and argued the remarks of the county attorney to the jury. With the above qualification by the court the bill was approved. We are of opinion, as this bill is presented, the matter is not of sufficient importance to require a reversal. There were no special charges asked, and in fact no exception taken, as we understand the statement of the county judge. If there were any exceptions taken, it was at the time appellant's counsel was addressing the jury, and the witnesses Neal and Taylor stated they could not remember that the county attorney said, "That negroes were untruthful, and that you need not be afraid of doing wrong to convict this defendant, for you can look at him and see that he is as guilty as sin," etc. This would leave the remarks testified by these two witnesses as follows: "Negroes as a race are about all alike; they were unreliable, and that whenever they got into trouble if you would let them sleep over it and get together that you could not do anything with them." We do not believe the remarks shown by these two witnesses were of sufficient importance to require a re-

versal of the judgment, especially in the absence of requested instructions in regard to the matter.

2. . Another bill of exceptions recites that appellant presented his motion for new trial at the time he presented the previous bill of exceptions, and that the county attorney, who prosecuted the case, appeared and contested his motion, and objected to appellant's bill of exceptions and to the consideration of the same by the court. And further, that appellant had caused a subpoena to be issued for the jurymen who tried the case for the purpose of showing the court that the jury had been guilty of misconduct on the trial, and that said jurymen would have testified that they had convicted this defendant on account of his being a negro, and that said jury were influenced to so convict on account of the improper remarks of the county attorney. That McKay was foreman of said jury, and although duly subpoenaed he failed to attend and testify on the hearing of the motion, and the defendant requested an attachment for said juror McKay, which the court refused. Appellant requested also that McKay be fined for contempt on account of his absence. The court refused to fine McKay or force his attendance. It is also recited in this bill that the court sustained the contention of the county attorney, and compelled appellant to produce evidence of the contents of his former bill, and that Taylor and Neal each of whom were at the time of the trial present and heard the argument of the county attorney set out in the former bill, and testified that the language contained in the other bill was substantially the same as that used by the county attorney. That Taylor testified that he remembered that the county attorney made the argument that this defendant was no exception to the rule, and that if they were allowed to remain over one night, they always got together and swore each other out, and that they were all untruthful and unreliable; and that Neal testified that while he could not remember all the county attorney said to the jury about the defendant and other negroes; that the tenor of what he said was about as stated in the other bill. And that each of these witnesses testified "that defendant's attorney called the attention of the country to the said improper remarks of said county attorney." "And be it further remembered that defendant through his attorney objected to all of said proceedings, and then and there in open court presented to the county judge his bill of exceptions No. 1 and requested that the same be by said court approved and ordered filed, which the court failed to do." And defendant presented his bill of exceptions No. 2 and asked that the same be approved, which is done with the following qualification: "The above bill is allowed with the following qualifications: That counsel for defendant called the witnesses, I. B. Neal and R. H. Taylor, as is shown in bill of exception No. 1. No subpoena was presented to the court; that a subpoena was issued for the jury. The defendant's attorney asked for an attachment for A. J. McKay, foreman of the jury. The court ordered same issued, and same was issued

by clerk of County Court, Bell County, Texas, and placed in hands of sheriff. No return of same has been made in this court by said sheriff. The court refused to fine said McKay .unless it was shown that he had disobeyed said subpoena and attachment, which was not done. The court did not compel counsel for defendant to put any witness on stand, but such witnesses were called by said counsel on his own accord. Said Neal and Taylor testified as is more fully shown by bill of exceptions No. 1. No objections to such procedure by attorney for defendant, but on the contrary offered the witnesses and matters himself. With this qualification this bill is approved," etc. As explained by the court, we find no error in this matter. As stated, in regard to the former bill, we are of opinion it was not sufficient transgression of the rule of argument to authorize the court to reverse the judgment. In regard to the other matters stated in the bill under consideration, it is shown that McKay did not disobey any subpoena, but the court did order issuance of attachment. The court was correct in not fining the' juror for contempt under the circumstances stated. It is sufficient answer to the remainder of it, to say that appellant placed two witnesses, Neal and Taylor, on the stand. The county attorney, of course, has the right to contest any ground of the motion for new trial that suggests itself to him as not being well taken, or about which there might be a controversy of the facts attending the grounds of the motion.

We are of opinion that as this record presents this case on appeal, there is no sufficient error requiring a reversal of the judgment and it is therefore affirmed.

*Affirmed.*